# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MARY ANN OLSZEWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>TRIDENT ASSET MANAGEMENT, LLC, and ORION PORTFOLIO SERVICES, LLC,<br><br>        Defendants. | Case No.: 18-cv-545<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Mary Ann Olszewski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family, or household purposes, namely alleged medical debts.

5. Defendant Trident Asset Management ("Trident") is a debt collection agency with its principal offices located at 53 Perimeter Ctr. East, Suite 440, Atlanta, GA, 30346.

6. Trident is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Trident is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. Trident is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant Orion Portfolio Services, LLC ("Orion") is a foreign corporation with its principal place of business located at 53 Perimeter Ctr. East, Suite 450, Atlanta, Georgia, 30346.

10. Upon information and belief, Trident and Orion are related entities. The Georgia Secretary of State's website identifies the registered agent for both defendants as "Anurag Sett," and the defendants' respective offices are in the same building.

11. Orion is engaged in the business of collecting debts, in that it purchases and receives assignment of consumer debts that are in default at the time Orion acquires them.

12. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

13. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S.

Dist. LEXIS 172984 (M.D. Pa. Oct. 19, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697 *20-22 (E.D. Pa. Aug. 9, 2017) ("the statute provides two possible paths for a plaintiff to prove that a particular defendant is a 'debt collector.' Subject to certain exceptions not relevant here, the defendant will be a debt collector if either (1) its 'principal purpose . . . is the collection of any debts,' or (2) it 'regularly collects or attempts to collect . . . debts owed or due . . . another.'"); *Chenault v. Credit Corp Sols.*, 2017 U.S. Dist. LEXIS 197747, at *4-6 (E.D. Pa. Dec. 1, 2017); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017).

14. The primary purpose of Orion's business, and Orion's principal purpose, is the collection of consumer debts.

15. Orion's website contains an "About Us" webpage, which states:

Headquartered in Atlanta, Orion Portfolio Services is a privately held company that specializes in the purchase of distressed consumer receivables. Orion is a highly experienced and active purchaser with a track record of success during a period of significant change and market fluctuation. Orion specializes in the development of innovative solutions that optimize long term value. Orion's track record of growth, performance and risk management, has earned it the confidence of lenders and investors.

http://www.orion-ps.com/about.html.

16. Orion's role, generally is to purchase and receive assignment of consumer debts that are in default at the time Orion acquires them. Directly and indirectly through its affiliates, including Trident, Orion uses instrumentalities of interstate commerce, including the mail, telephone, banking systems and wire transfers in its business of aggregating and collecting debts, primarily charged off consumer credit card debts. The primary purpose of debt buyers like Orion is debt collection. *See, eg. Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 U.S.

3

Dist. LEXIS 206440 *16 (N.D. Ind. Dec. 15, 2017) ("'[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them,' and … '[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money'" (quoting Pl.'s Reply Br.)).

17. Orion is a debt collector as defined in 15 U.S.C. § 1692a. *Barbato*, 2017 U.S. Dist. LEXIS 172984; *Tepper v. Amos Fin., LLC*, 2017 U.S. Dist. LEXIS 127697 *20-22.

18. Debt purchasers, including Orion, are also debt collectors as a matter of Wisconsin law. On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

19. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

20. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

21. Orion is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of Plaintiff's former "Synchrony Bank" ("Synchrony") consumer credit card account. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

4

22. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

23. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

24. Orion is a debt collector as defined in Wis. Stat. § 427.103(3).

25. A company meeting the definition of a "debt collector" (here, Orion) is vicariously liable for the actions of a second company (Trident) collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

## FACTS

26. On or about January 25, 2018, Plaintiff received two debt collection letters from Trident, both regarding an alleged debt, or debts, owed to Orion. Copies of these letters are attached to this Complaint as Exhibit A and Exhibit B respectively.

27. Exhibit A and Exhibit B are substantially identical, with only a few minor differences between the two letters.

28. Both Exhibit A and Exhibit B indicate that the "Original Creditor" of the alleged debt, or debts, is "POTOWATOMI BINGO CASINO."

29. Upon information and belief, the alleged debt, or debts, referenced by both Exhibit A and Exhibit B would have been incurred for purposes of personal entertainment.

30. Upon information and belief, Exhibit A and Exhibit B are examples of the same form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

31. Upon information and belief, Exhibit A and Exhibit B are examples of the same form debt collection letter used by Trident to attempt to collect alleged debts.

32. Upon information and belief, Exhibit A and Exhibit B were the first letter that Trident sent to Plaintiff with respect to Plaintiff's alleged debt owed to Orion.

33. Exhibit A contains the following text:

> Original Creditor: POTAWATOMI BINGO CASINO
> Original Creditor Account #: ▪▪▪▪2908
> Current Owner: Orion Portfolio Services, LLC
> Check Date: 11/12/2013
> Check Amount: $318.00
> Returned Check Fee: $25.00
> Trident Account #: ▪▪▪▪▪▪5125

34. Similarly, Exhibit B contains the following text:

> Original Creditor: POTAWATOMI BINGO CASINO
> Original Creditor Account #: ▪▪▪▪942
> Current Owner: Orion Portfolio Services, LLC
> Check Date: 11/13/2013
> Check Amount: $318.00
> Returned Check Fee: $25.00
> Trident Account #: ▪▪▪▪▪▪5131

35. The alleged debt, or debts, referenced in Exhibit A and Exhibit B was apparently incurred as the result of a check that was returned due to insufficient funds.

6

36. The information provided by Exhibit A and Exhibit B is identical, except for the "Original Creditor Account #," the "Trident Account #," and the "Check Date."

37. Exhibit A lists a "Check Date" of 11/12/2013, while Exhibit B lists a "Check Date" of 11/13/2013.

38. Exhibit A and Exhibit B, however, both list a check amount of $318.00.

39. Taken together, Exhibit A and Exhibit B would be misleading to the unsophisticated consumer because it is unclear whether Exhibit A and Exhibit B reference the same alleged debt or two different alleged debts.

40. Upon receiving Exhibit A and Exhibit B, the unsophisticated consumer could understand the letters to be referencing two different alleged debts.

41. Alternatively, upon receiving Exhibit A and Exhibit B, the unsophisticated consumer could understand the letters to be referencing one alleged debts, for which the consumer issued two separate checks as attempts to pay.

42. Lastly, upon receiving Exhibit A and Exhibit B, the unsophisticated consumer could understand the letters to be referencing one alleged debts and one alleged check, which was re-presented by the creditor on two consecutive days, in which case, the "Check Date" could be understood to refer to the date of presentation of the check.

43. Neither Exhibit A or Exhibit B provide an indication as to the number of the check which was allegedly returned due to insufficient funds.

44. Additionally, Exhibit A and Exhibit B both include a settlement offer for $240.10

45. Because it is unclear whether Exhibit A and Exhibit B reference the same alleged debts or two different alleged debts, it is equally unclear whether there is a single settlement offer referenced by both letters or two different settlement offers for a total of $480.20.

7

46. Furthermore, the settlement offer, or offers, in <u>Exhibit A</u> and <u>Exhibit B</u> falsely states that "The full settlement amount or your commitment to making payments toward the settlement amount must be received in our office within 45 days of this letter."

47. Upon information and belief, Trident had authority from Orion to settle consumers' accounts for 70% of the amount owed, or less, at any time.

48. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

49. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

50. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

51. Trident did not use the safe harbor language in <u>Exhibit A</u> and <u>Exhibit B</u>.

52. Plaintiff was confused and misled by <u>Exhibit A</u> and <u>Exhibit B</u>.

53. The unsophisticated consumer would be confused and misled by <u>Exhibit A</u> and <u>Exhibit B</u>.

8

Case 2:18-cv-00545-WED    Filed 04/06/18    Page 8 of 16    Document 1

54. Plaintiff had to spend time and money investigating Exhibit A and Exhibit B and the consequences of any potential responses to Exhibit A and Exhibit B.

55. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A and Exhibit B.

### *The FDCPA*

56. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found

9

that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

57.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

10

58. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

60. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

61. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

62. 15 U.S.C. § 1692g states:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

### *The WCA*

63. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

64. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

11

65. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

66. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

67. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

68. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

69. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

70. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

12

Case 2:18-cv-00545-WED    Filed 04/06/18    Page 12 of 16    Document 1

71. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ."

72. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I – FDCPA

73. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

74. Exhibit A and Exhibit B are misleading and confusing to the unsophisticated consumer because it is unclear whether the letters reference the same alleged debt or two different alleged debts.

75. Because it is unclear whether Exhibit A and Exhibit B reference the same alleged debt or two different alleged debts, it is equally unclear whether there is a single settlement offer referenced by both letters or two different settlement offers for a total of $480.20.

76. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(1).

## COUNT II - FDCPA

77. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

78. Exhibit A and Exhibit B include false statements that the settlement offer is only valid "within 45 days of this letter."

79. Upon information and belief, Trident and/or Orion would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

80. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT III - WCA

81. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

82. Exhibit A and Exhibit B are misleading and confusing to the unsophisticated consumer because it is unclear whether the letters reference the same alleged debt or two different alleged debts.

83. Upon information and belief, Exhibit A and Exhibit B actually reference the same alleged debt.

84. By sending Exhibit A and Exhibit B to Plaintiff on the same date, Trident attempted to collect an amount greater than what was owed to Orion and thus sought to enforce a right with knowledge that the right does not exist.

85. By sending Exhibit A and Exhibit B to Plaintiff on the same date, Trident engaged in collection practices that could reasonably be expected to harass Plaintiff

86. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

87. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent initial collection letters in the form represented by Exhibits A and Exhibit B, (c) seeking to collect a debt for personal, family, or household purposes, (d) between April 6, 2017 and April 6, 2018, inclusive, (e) that was not returned by the postal service.

88. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

89. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

14

The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692g(a)(1).

90. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

91. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

92. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

93. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 6, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)

15

jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com